IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD MORGAN,<br>         Petitioner,<br>   v.<br>D.K. SISTO, Warden,<br>         Respondent.<br>_____ | No. C 06-6580 MMC (PR)<br>**ORDER TO SHOW CAUSE** |

On October 23, 2006, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

**BACKGROUND**

In 1993, in the Superior Court of Alameda County, petitioner was convicted of first degree murder and sentenced to a term of 25 years to life in state prison. The California Court of Appeal affirmed and the Supreme Court of California denied the petition for review. A subsequent petition for a writ of habeas corpus in the California Supreme Court was denied.

**DISCUSSION**

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it

1  appears from the application that the applicant or person detained is not entitled thereto."
2  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the
3  petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See
4  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison,
5  431 U.S. 63, 75-76 (1977)).

6      In the instant petition, petitioner claims he received ineffective assistance of counsel.
7  Liberally construed, this claim is cognizable.

## CONCLUSION

9      For the reasons stated above, the Court orders as follows:

10     1.    The Clerk of the Court shall serve by certified mail a copy of this order, the
11 amended petition and  the petition, along with all attachments thereto, upon respondent and
12 respondent's attorney, the Attorney General for the State of California.  The Clerk shall also
13 serve a copy of this order on petitioner.

14     2.    Respondent shall file with the Court and serve on petitioner, within 90 days of
15 the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules
16 Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be
17 granted based on the claim in the petition.  Respondent shall file with the answer and serve
18 on petitioner a copy of all portions of the state trial record that have been transcribed
19 previously and that are relevant to a determination of the issues presented by the amended
20 petition.

21     If petitioner wishes to respond to the answer, he shall do so by filing a traverse with
22 the Court and serving it on respondent within 30 days of the date the answer is filed.

23     3.    In lieu of an answer, respondent may file, within 60 days of the date this order
24 is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee
25 Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a
26 motion, petitioner shall file with the Court and serve on respondent an opposition or
27 statement of non-opposition within 30 days of the date the motion is filed, and respondent
28 shall file with the Court and serve on petitioner a reply within 15 days of the date any

United States District Court
For the Northern District of California

1  opposition is filed.

2      4.    Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

4      5.    It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    IT IS SO ORDERED.

DATED: January 5, 2007

_____
MAXINE M. CHESNEY
United States District Judge