United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD MORGAN, ) | No. C 06-6580 MMC (PR) |
| ) | |
| Petitioner, ) | **ORDER GRANTING MOTION TO** |
| ) | **DISMISS PETITION** |
| v. ) | |
| ) | |
| D.K. SISTO, Warden, ) | |
| ) | **(Docket No. 4)** |
| Respondent. ) | |
| _____ ) | |

On October 23, 2006, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After reviewing the petition, the Court ordered respondent to file an answer showing cause why the petition should not be granted based on petitioner's cognizable claims, or alternatively to file a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases ("Rule 4"). Now before the Court is respondent's motion to dismiss the petition as untimely. Although given an opportunity to do so, petitioner has not filed an opposition.

**BACKGROUND**

On May 20, 1993, in Alameda County Superior Court, petitioner was sentenced to a term of 26 years to life in state prison, following his conviction on a charge of first degree murder. On July 5, 1994, the California Court of Appeal affirmed petitioner's conviction, and on October 13, 1994, the California Supreme Court denied review. On October 14, 2005, petitioner filed a petition for a writ of habeas corpus in Alameda County Superior Court, which petition was denied on October 19, 2005. Petitioner did not seek review of that

denial, nor did he file an original habeas petition in the California Court of Appeal. On November 4, 2005, he filed a habeas petition in the California Supreme Court, which petition was denied on August 16, 2005.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Under AEDPA, petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1] In the instant case, petitioner's conviction became final on direct review on January 11, 1995, i.e., 90 days after denial of review by the California Supreme Court. See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001). Where, as here, direct review of the state court judgment was completed prior to enactment of AEDPA, the one year statue of limitations runs from April 25, 1996, the day after AEDPA was enacted, and expires April 24, 1997. See Malcom v. Payne, 281 F.3d 951, 955 (9th Cir. 2002). As noted, the instant petition was filed in federal court on October 23, 2006, approximately nine and a half years thereafter. Consequently, absent tolling, the instant petition is untimely.

The one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In the instant case, petitioner filed his first state habeas petition on October 14, 2005. As the one-year limitations period already had expired on April 24, 1997, approximately eight and a half years earlier, petitioner's habeas petitions did not toll the limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. Rice, 276 F.3d 478,

---

[1] In rare instances, not presented by the instant petition, the limitations period may run from a date later than the date on which the judgment became final. See 28 U.S.C. § 2244(d)(1)(B)-(D).

2

482 (9th Cir. 2001) (same).  As there is no basis for tolling the limitations period under § 2244(d)(2), and there is no asserted or apparent basis for equitable tolling, the instant petition will be dismissed as untimely.

**CONCLUSION**

For the foregoing reasons, respondent's motion to dismiss is hereby GRANTED and the petition for a writ of habeas corpus is hereby DISMISSED.

This order terminates Docket No. 4.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: April 10, 2007

MAXINE M. CHESNEY
United States District Judge