IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD MORGAN,              )<br>                           )<br>          Petitioner,         )<br>                           )<br>   v.                       )<br>                           )<br> D.K. SISTO, Warden,         )<br>                           )<br>          Respondent.        )<br>_____ ) | No. C 06-6580 MMC (PR)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>**(Docket No. 8)** |

On October 23, 2006, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 10, 2007, the Court granted respondent's motion to dismiss the petition, and judgment was entered on April 11, 2007. Now before the Court is petitioner's May 15, 2007 motion for reconsideration of the order of dismissal.

Where, as here, the court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. Rule 59(e) is inapplicable to petitioner's request, because the request was submitted after the time for filing such a motion had passed. See Fed. R. Civ. P. 59(e) (providing motion must be filed no more than ten days following entry of judgment).

Rule 60(b), which does not contain an express deadline for filing, provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. See Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir.1993). Although couched in broad terms, subparagraph (6) requires a showing that the grounds justifying relief are extraordinary. See Twentieth Century - Fox Film Corp. v. Dunnahoo,

637 F.2d 1338, 1341 (9th Cir. 1981).

Here, petitioner's request contains no allegation as to newly-discovered evidence, nor does it set forth any mistake, inadvertence, surprise, excusable neglect, fraud by the adverse party, or voiding of the judgment; petitioner offers no other reason justifying relief. Instead, petitioner points to his request for an extension of time in which to oppose respondent's motion to dismiss.

The deadline for petitioner to file an opposition was March 29, 2007.[1] On April 10, 2007, the same date as that on which the Court's dismissal order was filed, and 12 days after the deadline for the filing of his opposition had passed, petitioner filed a request for an extension of that deadline. In his motion for reconsideration, petitioner states he mailed the request on April 4, 2007, but that it "was returned to him by the Post Office for some unknown reason." In neither the instant motion nor the motion for an extension of time, does petitioner provide any explanation, let alone make a showing of good cause, for his having waited until April 4, 2007, five days after the deadline sought to be extended, before mailing his request for an extension of time.

More importantly, and contrary to petitioner's assertion, the petition was not dismissed "for failing to file a traverse," or because petitioner failed to oppose respondent's motion, but rather because the petition was untimely under 28 U.S.C. § 2244. The present motion does not argue, let alone show, that the petition was filed within AEDPA's limitations period.

Accordingly, the motion for reconsideration is hereby DENIED.

This order terminates Docket No. 8.

IT IS SO ORDERED.

DATED: June 21, 2007

_____
MAXINE M. CHESNEY
United States District Judge

---

[1] In the January 5, 2007 Order to Show Cause, the Court ordered petitioner to file any opposition within 30 days of the date respondent's motion was filed. Respondent's motion was filed February 27, 2007.

2